ROSS LLP
Peter W. Ross (State Bar No. 109741)
    pross@rossllp.la
Eric C. Lauritsen (State Bar No. 301219)
    elauritsen@rossllp.la
1900 Avenue of the Stars, Suite 1870
Los Angeles, California 90067
Telephone: (424) 704-5600
Facsimile: (424) 704-5680

Attorneys for Plaintiff
ORLY SHOE CORP.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - CENTRAL DIVISION

| | |
|---|---|
| ORLY SHOE CORP., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>HK LOGISTICS CORP., a California corporation; MIGUEL ROQUE, SR., an individual; MICHAEL BILL, an individual; MIGUEL ROQUE, JR., an individual; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; and**<br>**(2) CONVERSION**<br><br>**DEMAND FOR JURY TRIAL** |

070109a2

COMPLAINT

Plaintiff Orly Shoe Corp. ("Orly" or "Plaintiff"), as and for its complaint against Defendants HK Logistics Corp. ("HK"), Miguel Roque, Sr. ("Roque, Sr."), Michael Bill ("Bill"), and Miguel Roque, Jr. ("Roque, Jr."), and DOES 1 through 10 (collectively, "Defendants"), alleges as follows:

## THE PARTIES

1. Plaintiff is a New York corporation with its principal place of business in New York, New York.

2. Upon information and belief, HK is a California corporation based in Los Angeles County, California.

3. Upon information and belief, Roque, Sr. is an individual residing in Los Angeles County, California.

4. Upon information and belief, Roque, Jr. is an individual residing in Los Angeles County, California.

5. Upon information and belief, Bill is an individual residing in Los Angeles County, California.

6. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and, therefore, sues them by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants engaged in, or is in some manner legally responsible for, the wrongful conduct alleged herein. Plaintiff, therefore, sues these Defendants by such fictitious names and will amend this complaint to state their true names and capacities when such have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that, in doing the acts alleged herein, each of the Defendants was the agent, principal, employee, representative, or alter ego of the other Defendants and/or acted with one or more of the other Defendants' knowledge, consent, and approval, and acted within the course and scope of his agency or representative capacity. As such, each of the Defendants is responsible for the actions of the other Defendants, as alleged herein.

## JURISDICTION

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) in that there is complete diversity of citizenship. Namely, Defendants are citizens of California only, Plaintiff is a citizen of New York only, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Upon information and belief, this Court has general personal jurisdiction over Defendants because they reside within this judicial district.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) because, among other bases, Defendants reside in this judicial district.

## GENERAL ALLEGATIONS

11. Orly is a manufacturer of women's shoes and socks. Orly has a portfolio of over 20 brands across various fashion categories. Orly is dedicated to delivering fashion that is both high quality and affordable.

12. On or around March 16, 2023, Orly engaged HK to provide warehousing and logistics services in Southern California. To that end, Orly and HK signed an agreement, attached hereto as Exhibit "A" and incorporated herein by this reference, memorializing the terms of their engagement (the "Engagement Agreement").

13. By early 2024, Orly had grown unhappy with HK's services. As a consequence, Orly's representatives informed HK's representatives that Orly would be winding down the engagement.

14. As part of the wind-down, HK asked to shorten the deadline for payments on its invoices through the remainder of the parties' relationship. In a show of good faith, Orly agreed.

15. Unfortunately, a few months later, it became clear that Orly's good faith was not being matched in kind. Specifically, in or around November of 2024, Orly discovered that HK had been offering Orly's inventory for sale to third parties without Orly's knowledge or consent. Orly's investigation revealed that

approximately *200,000* products had been converted in this manner, with HK collecting substantial sums from the sale thereof.

16. Orly contacted Roque, Sr., Roque, Jr., and Bill, who, on information and belief, are HK's principals and the individuals responsible for the improper sale of Orly's goods. These individuals did nothing to address Orly's concerns. In fact, they stopped communicating with Orly altogether upon Orly's discovery of their conduct.

## FIRST CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

### Against HK and Does 1-5

17. Orly incorporates all allegations set forth hereinabove by this reference.

18. Orly and HK entered into a written agreement—*i.e.*, the Engagement Agreement.

19. Orly did all or substantially all of the significant things that the contract required it to do, or was excused from having to do those things.

20. Implied in the Engagement Agreement was a promise that HK would act in good faith and would not take steps to undermine Orly's business.

21. In converting Orly's goods for its own purposes, HK did not act fairly and in good faith, and prevented Orly from receiving the benefits of the Engagement Agreement to which it was entitled.

22. Orly was damaged by HK's mishandling of its goods in an amount to be proven at trial, but that exceeds $1 million.

23. HK's conduct was a substantial factor in causing Orly's harm.

## SECOND CLAIM FOR RELIEF

### (Conversion)

### Against All Defendants

24. Orly incorporates all allegations set forth hereinabove by this

reference.

25. Orly owned and/or had a right to possess its inventory that was housed in HK's warehouse.

26. Defendants substantially interfered with Orly's inventory by knowingly and intentionally selling or giving such inventory to third parties.

27. Orly did not consent to Defendants' conduct.

28. Orly was harmed by Defendants' conduct in an amount to be proven at trial, but which exceeds $1 million upon information and belief.

29. Defendants willfully engaged in the conduct hereinabove alleged with malice, fraud, and oppression, without excuse or justification, and with the specific intent to injure Orly and its business, and therefore Orly is entitled to an award of exemplary damages against Defendants, and each of them, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Orly prays for judgment in its favor and against Defendants as follows:

1. For preliminary and permanent injunctions enjoining and restraining defendants and their agents, employees, representatives, partners, joint venturers, and/or anyone acting on behalf of, or in concert with Defendants, from selling any of Orly's inventory remaining in their possession and requiring them to transfer such inventory to Orly;

2. For the following monetary relief:
   a. Compensatory damages and the disgorgement of profits in an amount to be proven at trial, in excess of $1 million,
   b. Restitution according to proof;
   c. Punitive damages according to proof; and
   d. Pre-judgment and post-judgment interest at the maximum rate allowable by law.

1      3.    For attorneys' fees and costs as provided by law.

2      4.    For such other and further relief, including but not limited to equitable relief, as the Court shall deem just and proper.

DATED: April 23, 2025

ROSS LLP
Peter W. Ross
Eric C. Lauritsen

By: *[signature]*
Peter W. Ross
Attorneys for Plaintiff Orly Shoe Corp.

## **DEMAND FOR JURY TRIAL**

Plaintiff Orly Shoe Corp. hereby demands a trial by jury with respect to all issues so triable.

DATED: April 23, 2025

ROSS LLP
Peter W. Ross
Eric C. Lauritsen

By: _____
Peter W. Ross
Attorneys for Plaintiff
Orly Shoe Corp.

# Exhibit A

**WAREHOUSING,DISTRIBUTION,E-COMMERCE FULLFILMENT, & TRANSPORTATION**

# HK Logistics Corp.

8689 BOWERS AVENUE
SOUTH GATE, CA 90280

## Service Agreement

**MARCH 16, 2023**

**Client:**
**ORLY CORP.**
15 W. 34TH STREET, 7TH FLOOR
NEW YORK, NY 10001
**Contact: Albert Antebi**
O: (212)695 - 0998
C: (732)895-3018
Email: albert.antbi@orly-corp.com

**Services Provided at:**
**HK LOGISTICS CORP.**
26763 SAN BERNANDINO
REDLANDS, CA 92374
**Contact:** Gala Velez
O: (909)660-8444
C: 562-291-8575
Email: gala@hktransllc.com

COMMODITY :   **SHOES AND ACCESSORIES**

| HANDLING | RATE | PER |
|---|---|---|
| UNLOAD CONTAINER 20' (FLOOR TO PALLET UP TO 8 SKU'S) | $375.00 | CNTR |
| UNLOAD CONTAINER 40' (FLOOR TO PALLET UP TO 8 SKU'S) | $475.00 | CNTR |
| UNLOAD CONTAINER 40'HQ (FLOOR TO PALLET UP TO 8 SKU'S) | $525.00 | CNTR |
| UNLOADING CONTAINER FEE AFTER 8TH SKU | $45.00 | SKU |
| CARTON IN | $0.33 | CFT |
| CARTON OUT | $0.33 | CFT |
| Outbound Floor Loading | $0.75 | BOX |
| Pallet (#2 / 4way ) COST PLUS 15% | $16.00 | PALLET |
| Stretch Wrap | $5.00 | PALLET |
| Pick Per Inner Item | $0.25 | EACH |
| PICK PER MASTER CARTON UP TO 8 SKUS PER ORDER | $0.55 | EACH |
| PICK PER MASTER CARTON AFTER 8 SKUS PER ORDER | $0.66 | EACH |

CONFIDENTIAL

**CLIENT**
Signature: _____ ____
Print: _____
Title:_____Date:_____

**HK  Logistics Corp.**
Signature: _____
Print: __GALA VELEZ  _____
Title:  __Dir.of Sales__   Date:_____

Page **2** of 5

**WAREHOUSING, DISTRIBUTION, E-COMMERCE FULLFILMENT, & TRANSPORTATION**

# HK Logistics Corp.

8689 BOWERS AVENUE
SOUTH GATE, CA 90280

| | | |
|---|---|---|
| Bill of Lading - Create | $5.00 | EACH |
| Bill of Lading - Print Only | $0.00 | |
| Packing List | $0.60 | EACH |
| RUSH order fee | $95.00 | EACH |
| Photo | $1.50 | EACH |
| Labels Print & Place | $0.45 | EACH |
| Route Orders | $15.00 | EACH |
| Order Processing | $10.00 | EACH |
| Returns - RECEIVING & PUT BACK TO STOCK | $1.50 | BOX |
| RETURN - REWORK (RECEIVE/BREAK PALLET/PUT BACK TO STOCK) | $32.00 | HOURLY |
| Inventory | | |
| Open boxes/inspect, count , etc. | | |
| Pull Units or boxes for QC then back to stock | | |
| Administration Fee | $2,000.00 | MONTH |
| **STORAGE** | **RATE** | **PER** |
| Storage per Carton (CFT) | $0.35 | CFT |
| STAGED PALLET STOREAGE AFTER 2ND WEEK OF PULLED/STAGED | $16.00 | CFT |
| Storage received prior to December 2022 storage per carton | $0.35 | CFT |
| **FUNCTION** | **RATE** | **PER** |
| **LABOR RATES FOR SPECIAL PROJECTS AND VALUE-ADDED SERVICES** | | |
| Warehouseman Labor Rate | $32.00 | HOURLY |
| Warehouseman Labor Rate Overtime | $48.00 | HOURLY |
| **SUPPLIES** | **RATE** | **PER** |
| Client to provide all corrugated and packing supplies.  Supplies provided by HK Trans are at cost plus 15% | Cost +15% | ITEM |

**\*\* Any additional added value services are to be quoted at the time of request \*\***

| | |
|---|---|
| **CLIENT** | **HK  Logistics Corp.** |
| Signature: _____ ___ | Signature: _____ |
| Print: _____ | Print: __GALA VELEZ _____ |
| Title:_____Date:_____ | Title: __Dir.of Sales__   Date:_____ |

**WAREHOUSING,DISTRIBUTION,E-COMMERCE FULLFILMENT, & TRANSPORTATION**

# HK Logistics Corp.

8689 BOWERS AVENUE
SOUTH GATE,  CA  90280

### Additional Services and Charges Page

The rates submitted below are chargeable as specified in the attached Terms and Conditions for Warehousing and Distribution. Any services not specified below will be charged the applicable hourly rate.

| Function | Rate | Per |
|---|---|---|
| * **HK Logistics Corp** . has a noon cut-off for orders shipping the same day. Any order received after noon and required to ship the same day, or any order requested to ship today or tomorrow within a four (4) hour period from receipt of the order is subject to the Emergency Rush Order ($150 per order) charge with normal contracted rates. Receiving turn around is 24 hrs.  Shipping Boutiques /Specialty Stores 48 hrs Major Dept. stores 72 hrs. | $150 | Order |
| **Hourly Rates** | | |
| Over Time Hourly rates are billed in ¼ hour increments M-F normal operating hours * 01/01/2024 There's a increase in pricing due to labor rate increase | $32.00 | Hour |
| Overtime & Holiday rates are available upon request * 01/01/2024 There's an increase in pricing due to labor rate increase | $48.00 | Hour |
| **CONSOLIDATED TRANSFER SERVICES – 3PL UPS/FEDEX ACCOUNT** | | |
| The cost of any customer using the **HK Logistics Corp.** UPS and or FED-Ex account will be cost plus 15% administrative charge. | | |
| **PURCHASE OF SUPPLIES ON THE  HK TRANS ACCOUNT** | | |
| Cost plus 15% or supplied by customer. | | |
| **LIABILITY** | | |
| **HK Logistics Corp** Shall not be liable for any loss or injury to goods stored, however caused resulted from the failure of Manufacturer(origin) or in transit to "HK" facility.  "HK" is not liable for damages which could not have been avoided by the exercise of such care of Manufacturer or In Transit to "HK".  "HK" assumes no responsibility for goods damaged resting in railcars, trucks, or containers. | | |
| **LIABILITY LIMITATION** | | |
| In the case of goods lost, damaged, or consequential damages, due to causes for which **HK Logistics Corp**  is responsible, as adjudged by a court of competent jurisdiction, the measure of damages stipulated herein shall be applied. That measure shall be the manufacturer's cost of the damaged goods. The base storage rate is the storage rate per unit received as described on the applicable warehouse receipt, unless the Client declares excess value at the time goods are tendered for storage. In the event storage is on a square foot basis, the base storage rate will be calculated by dividing the monthly inventory by the monthly space charges. Rates quoted are on the basis of this maximum monetary liability; where excess valuation is declared, there shall be a charge of two and one-half percent (2 ½ %) per month of the total valuation in addition to the base storage rate. | | |
| **CHARGE BACKS** | | |
| Our policy is not to pay chargebacks unless we have adjusted the rate to compensate us for this contingency.  While we have not included chargebacks in your pricing, we will agree to review chargebacks that may occur as a direct result of our failure to follow instructions or stated procedure and discuss appropriate resolution with you. | | |
| **STORER'S CLAIMS** | | |
| As a condition precedent to recover, claims for loss or damage must be made in writing by registered or certified mail within sixty (60) days after delivery of the last package of the lot in **HK Logistics Corp** Liability is limited to the landed cost to "**HK Logistics Corp**". | | |

**CLIENT**
Signature: _____ ____
Print: _____
Title:_____Date:_____

**HK  Logistics Corp.**
Signature: _____
Print: __GALA VELEZ  _____
Title: __Dir.of Sales__   Date:_____

**WAREHOUSING,DISTRIBUTION,E-COMMERCE FULLFILMENT, & TRANSPORTATION**

# HK Logistics Corp.

8689 BOWERS AVENUE
SOUTH GATE, CA 90280

| ACCEPTANCE |
|---|
| Shipment of goods to **HK Logistics Corp** constitutes acceptance of Agreement by Storer. Quotation void if not accepted by Storer within 60 days from date of quote/contract. If merchandise received or assumptions differ from those described herein, rates will be revised accordingly. |

1. **All bills due and payable within 15 days of invoice.**
2. **Invoice disputes will be honored up to 3 days of customer receiving invoice.**
3. Revised invoices are to be paid within the original Invoice Date customer received and not on revised date of Invoice.
4. Invoices not paid within Terms agreed on, will incur 2% of Invoiced amount.
5. Account subject to review within **30 DAYS** of first inbound shipment.
6. Subject to annual increase depending of current market and cost of living increase, will notify 2 month before increase.
7. Assumption – Pricing based on account profile.
8. All request (other than EDI normal order transmissions) must be in writing; no verbal authorizations.
9. Term: This contract shall have a MINIMUM term of 12 MONTHS , commencing on the date of execution being 03/20/23.
10. ACCEPTANCE - Shipment of goods to **HK Logistics Corp,** constitutes acceptance of agreement by storer.
11. **HK Logistics Corp** is Responsible for actual cost of goods if cannot be located within a formal Inventory count.
12. WMS – Customer will be issued one log in to the system for viewing and generating reports.  If any special reports and/or projects are requested there will be an hourly rate fee for requested project.
13. Order Processing –
    a. Orders received by 11 am can be shipped out the next day depending on the volume of the order.
    b. Any orders after 11 am will be processed and shipped within 48 hours.  Bulk/Volume orders to be received 72 hours in advance.
    c. Order pick up dates must confirmed by "HK" within the normal business hours.  If not confirmed by "HK", "HK" will not be responsible for any DRY RUNS and/or Cancellation of Orders.
14. RUSH ORDERS – Order after 2pm are considered RUSH (to be shipped the following day) and will Incur a $105 per order in addition to normal order handling /processing fees.
15. SAME DAY ORDER PICK UP - Order received before 12 pm  and need to be processed and picked up by end of same day will incur $150 in addition to normal order handling/processing fees.
16. ORDER CANCELLATION - $50 FEE per order incurred in addition to any normal order handling/processing fee's that have been processed before receiving cancellation request.
17. **APPOINTMENTS** - must be made for Shipping and Receiving to avoid penalty fee for non-scheduling.
    a. SHIPPING & RECEIVING fee for non-appointment and customer confirms to receive, will incur $350 fee in addition. to normal shipping and receiving fee's.
    b. FACILITY VISIT – fee for non-appointment to visit facility will incur $200 in addition to labor/handling fee incurred. by visit.  FYI – "HK" staff member is to be with visitor at all times of the visit due to safety and any labor required by customer.
    c. Grace period for all appointments is 30 minutes.

| **CLIENT** | **HK  Logistics Corp.** |
|---|---|
| Signature: _____ | Signature: _____ |
| Print: _____ | Print: __GALA VELEZ  _____ |
| Title:_____Date:_____ | Title: __Dir.of Sales__   Date:_____ |

**WAREHOUSING,DISTRIBUTION,E-COMMERCE FULLFILMENT, & TRANSPORTATION**

# HK Logistics Corp.

8689 BOWERS AVENUE
SOUTH GATE, CA 90280

18. CONTAINERS –
   a. Appointment must be made. If no appointment is made there is a non-appointment fee of $350.
   b. After hour appointments must be approved and will incur additional fees
   c. Friday NO receiving of containers.
   d. Containers received after 1:00 pm (Mon – Thrs) will incur a $150 fee for "Overnight Loaded container Storage."
   d. HK will not be liable for any empty containers once notification/tally has been sent.
   e. Storage for empty containers after the 2nd day after notification will incur $50 storage per day.
   f. Drivers must check containers IN and OUT to supply delivery/pick up receipts.
19. Vacate notice must be submitted in writing 90 days prior to move and all dues must be payable before vacating the premises.
20. Inventory Sitting on the premises over 90 days from received date, will incur additional storage fee (double of what original fee is agreed on). Applies to New containers received After April 2023.
21. Staged Orders that are not shipped within 2nd week after order being pulled, will incur additional storage costs.

**CONTACTS:**

** DIRECT ALL EMAILS TO GROUP EMAIL IN REDLANDS BLDG "A"  =  red@hktransllc.com

| | | |
|---|---|---|
| CSR – MAIN POINT OF CONTACT | Itzel Reyes | itzel@hktransllc.com |
| BRANCH MNGR | Debbie Marquez | debbie@hktransllc.com |
| BILLING DEPT | Grisel Solano | grisel@hktransllc.com |
| Collections Dept | Gabriela Camacho | camacho@hktransllc.com |
| DIR. OF SALES | Gala Velez | gala@hktransllc.com |

**BUSINESS HOURS :**

| | |
|---|---|
| MONDAY – FRIDAY | 7 AM – 3:30 PM |
| RECEIVINGS | 7 AM – 1:00 PM |
| Unloading SAME DAY Latest | 1:00 PM |
| SHIPPING | 7 AM – 3:00 PM |

**CLIENT**                                                                HK Logistics Corp.
Signature: _____                      Signature: _____
Print: _____                           Print: __GALA VELEZ _____
Title:_____Date:_____                          Title: __Dir.of Sales__   Date:_____

CONFIDENTIAL